UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA :
:
v. : File No. 1:02-cr-743 (JGM)
:
MARIA MERCEDES ANGELO and :
TROY JENNINGS :
:

OPINION AND ORDER
(Docs. 85, 87, 88, 95, 96, 104, 106, 107, 111)

I.  Introduction

Defendants Maria Mercedes Angelo and Troy Jennings, federal inmates proceeding pro se, have filed multiple motions. Jennings has filed three motions under Federal Rule of Civil Procedure Rule 60(b) requesting plain error review and Angelo has filed two motions under Rule 60(b) requesting the Court revisit her sentence calculation. Jennings and Angelo were convicted of robbery, conspiracy and weapons charges, and on March 20, 2003, Jennings was sentenced to 194 months and Angelo to 162 months in prison, respectively. The Second Circuit affirmed the convictions and sentences. United States v. Angelo, 87 F. App'x 205 (2d Cir. 2004). Jennings now claims the requirement he receive mental health treatment during his supervised release is unconstitutional and requests it be vacated. (Docs. 87, 88, 96.[1]) Angelo now claims she is entitled to a downward departure in her sentence because her mother's deteriorating health is an

---

[1] Document 88 is substantially similar to documents 87 and 96, which are essentially duplicate filings but also objects to an involuntary transfer to a mental hospital without notice and a hearing, which Jennings claims is unconstitutional. (Doc. 88 at 1-2.)

1

"extraordinary family circumstance." (Docs. 85, 86, 95.[2]) The government filed, by letter, an opposition to Jennings' and Angelo's motions. (Doc. 102.) Jennings filed a seventy page Affidavit in reply. (Doc. 110.)

The Court first notes Federal Rule of Civil Procedure 60(b) pertains to civil actions. "To the extent that the judgment from which a petitioner seeks relief is the prison sentence imposed following his conviction in a criminal case, Rule 60(b) does not apply." Holloway v. United States, No. 05 CV 5908, 2006 WL 516826, at *1 (E.D.N.Y. 2006); see also Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). Rule 60(b) may apply if a motion "attacks the integrity of [a] habeas proceeding and not the underlying criminal conviction." Id. Neither Jennings or Angelo attack the integrity of their respective habeas proceedings in their Rule 60(b) motions. Further, the Court will not construe either Jennings' or Angelo's motions as a petition for writ of habeas corpus.[3] In Jennings' case, it would be second or successive, and would require leave of

---

[2] To the extent documents 86 and 95 are motions to supplement the record of Angelo's Rule 60(b)(6) motion, they are granted.

[3] Jennings purports to challenge as unconstitutional an alleged 2003 transfer to a mental hospital at the Springfield, Missouri Medical Center for Federal Prisoners. (Doc. 88 at 1, 5.) Such a claim challenges the execution of a sentence and therefore must be brought under 28 U.S.C. § 2241. Levine v. Apker, 455 F. 3d 71, 78 (2d Cir. 2006); Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) (a challenge addressing a prison transfer is a challenge to the execution of a sentence). Before bringing a petition under § 2241, a petitioner must exhaust administrative remedies. See 28 C.F.R. § 542.15(b)(3); Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) (requiring federal prisoners exhaust administrative remedies prior to filing habeas petition). Jennings has not alleged he exhausted his administrative remedies. Additionally, a petition under § 2241 challenging Jennings' conditions of confinement must be brought in the district in which Jennings is being held. Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004). Accordingly, the Court declines to construe Jennings' claim regarding the purported 2003 transfer as brought under § 2241. As Jennings is currently incarcerated in Coleman, Florida, if he wishes to bring a § 2241 petition, he must file it in the United States District Court for that locale.

the Second Circuit to file. See Jennings v. United States, No. 08-CV-3661, 2009 WL 1230317 (E.D.N.Y. Apr. 29, 2009). In Angelo's case, she concedes a habeas petition would be untimely. See Doc. 85 at 2.

Secondly, the motions, even if proper under Rule 60(b), are untimely. Rule 60 requires filing a motion under Rule 60(b) "within a reasonable time," and "no more than a year after the entry of the judgment or order or the date of the proceeding," for motions under subsections (1)-(3). Fed. R. Civ. P. 60(c)(1). Jennings does not specify under which subsection he brings his Rule 60(b) motion and Angelo purports to bring hers under Rule 60(b)(6), to which the one year limitation does not apply. Neither Jennings or Angelo, however, explain why their motions, filed over seven years after the March 2003 judgment, were made within a "reasonable time." Consequently, assuming Rule 60(b) is an appropriate vehicle for relief, the Court finds the motions are untimely.

Lastly, the Court lacks jurisdiction over Angelo's motion requesting a "downward departure" in her sentence due to "extraordinary family circumstances," even if considered a motion to modify a term of imprisonment under 18 U.S.C. § 3582. Angelo argues for a reduction in her sentence because her nonagenarian mother is in failing health (Doc. 85 at 2), and continues to deteriorate. (Docs. 86, 95.) She points out she "has successfully completed college, drug programs, numerous Adult continuing education courses, and Federal Prison Industries Training. (Doc. 85 at 3.) While the Court commends Angelo on her rehabilitation, modification of a prison sentence is permitted "in only three specific circumstances," United States v. Maldonado, 138 F. Supp. 2d 328, 331 (E.D.N.Y. 2001), none of which apply here. First a sentence may be modified when "such a modification is permitted by Rule 35 of the Federal Rules of Criminal Procedure or

3

another statute." Id. (citing 18 U.S.C. § 3582(c)(1)(B)). Second, it may be modified when there has been an amendment to a relevant provision of the Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2). Third, a sentence may be modified upon motion of the Director of the Bureau of Prisons, if the court finds that "extraordinary and compelling reasons warrant such a reduction," and the reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(I). Angelo does not reference Rule 35 or a change in the Sentencing Guidelines, and makes clear she is not bringing the motion under 28 U.S.C. § 2255. See Doc. 85. Consequently, her motion falls under § 3582(c)(1)(A), which addresses "extraordinary and compelling reasons" for a reduction. Such a reduction, however, is available only "upon motion of the Director of the Bureau of Prisons." § 3582(c)(1)(A). Accordingly, this Court lacks jurisdiction to grant relief in the absence of a motion from the Bureau of Prisons. See United Sates v. Traynor, No. 04-cr-0582, 2009 WL368927, at *2 (E.D.N.Y. Feb. 13, 2009).

For the above reasons, Troy Jennings' Rule 60(b) motions (Docs. 87, 88, 96) are denied. Jennings' subsequently filed motions for a legal advisor (Doc. 104), an evidentiary hearing (Doc. 106), and orders to show cause (Docs. 107, 111) are denied as moot. Maria Mercedes Angelo's Rule 60(b) motion (Doc. 85) is denied. Angelo's motions to supplement the record (Docs. 86, 95) are granted.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of November, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge
Sitting by Designation

4